UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEPHEN DEMARSHA WHITE, #670707,

        Petitioner,

v.                                      CASE NO. 2:17-CV-13099
                                      HONORABLE ARTHUR J. TARNOW

THOMAS MACKIE,

        Respondent.
_____/

**OPINION AND ORDER GRANTING PETITIONER'S MOTION TO HOLD
THE HABEAS PETITION IN ABEYANCE, STAYING THE PROCEEDINGS,
DENYING PETITIONER'S MOTION FOR EQUITABLE TOLLING,
AND ADMINISTRATIVELY CLOSING THE CASE**

        Michigan prisoner Stephen Demarsha White ("Petitioner") has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his state court convictions which is currently pending before this Court. In his petition, he raises 11 claims concerning newly-discovered recantation evidence, the conduct of the prosecutor, the trial court's denial of a new trial motion, his rejection of a plea bargain based upon counsel's advice, his rights to a public trial and to be present during jury voir dire, the impartiality of the trial judge, and the effectiveness of trial and appellate counsel. This matter is before the Court on Petitioner's motion to hold his petition in abeyance so that he may return to the state

courts on collateral review and properly exhaust several of his habeas claims, as well as his motion for equitable tolling.[1]

The doctrine of exhaustion of state remedies requires state prisoners to "fairly present" their claims as federal constitutional issues in the state courts before raising those claims in a federal habeas petition. 28 U.S.C. § 2254(b)(1)(A) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Federal law provides that a habeas petitioner is only entitled to relief if he or she can show that the state court adjudication of his or her claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. 28 U.S.C. § 2254(d). The state courts must be given an opportunity to rule upon all of a petitioner's claims before they can be presented on federal habeas review. Otherwise, the Court is unable to apply the standard found at 28 U.S.C. § 2254.

The exhaustion requirement is met if a petitioner invokes one complete round of the state's established appellate review process. *O'Sullivan*, 526 U.S. at 845. To satisfy the exhaustion requirement, the claims must be "fairly presented" to the state courts, meaning that the petitioner must have asserted both the factual and legal bases for the claims in the

---

[1] Petitioner states that he presented six of his habeas claims to the Michigan Supreme Court, but did not present them to the state trial court or the Michigan Court of Appeals. The presentation of those claims to the Michigan Supreme Court on discretionary review without first presenting them to the lower courts does not satisfy the exhaustion requirement. *See Castille v. Peoples*, 489 U.S. 346, 349 (1989).

state courts. *McMeans*, 228 F.3d at 681; *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*). The claims must also be presented to the state courts as federal constitutional issues. *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). For a Michigan prisoner, each issue must be presented to both the Michigan Court of Appeals and the Michigan Supreme Court. *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990); *Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

Petitioner indicates that he did not properly exhaust six of his habeas claims in the state courts before instituting this federal action. The Michigan Rules of Court provide a process through which Petitioner may raise his unexhausted claims. In fact, Petitioner states that he intends to file a motion for relief from judgment in the state trial court pursuant to Michigan Court Rule 6.500 et seq. He may then appeal the trial court's decision to the state appellate courts as necessary. The unexhausted claims should first be addressed to, and considered by, the Michigan courts.

A federal district court has discretion to stay a mixed habeas petition, containing both exhausted and unexhausted claims, to allow a petitioner to present unexhausted claims to the state courts and then return to federal court on a perfected petition. *See Rhines v. Weber*, 544 U.S. 269, 276 (2005). Stay and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state remedies before proceeding in

federal court, the petitioner has not engaged in intentionally dilatory litigation tactics, and the unexhausted claims are not "plainly meritless." *Id.* at 277.

Petitioner shows the need for a stay. He wishes to pursue claims which have not been properly presented to the state courts. The one-year limitations period applicable to federal habeas actions, 28 U.S.C. § 2244(d)(1), could pose a problem if the Court were to dismiss the current petition to allow for further exhaustion of state remedies. Additionally, Petitioner alleges that appellate counsel was ineffective for failing to pursue the claims on direct appeal, which may provide good cause. Lastly, the unexhausted claims do not appear to be plainly meritless and there is no evidence of intentional delay. Therefore, the Court shall hold the unexhausted claims in the current petition in abeyance and stay the proceedings pending Petitioner's exhaustion of state court remedies as to the unexhausted claims. The Court make no determination as to the timeliness of his claims or the procedural or substantive merits of his claims at this time.

Accordingly, the Court **GRANTS** Petitioner's motion to hold the habeas petition in abeyance and **STAYS** the proceedings. The stay is conditioned on Petitioner presenting the unexhausted claims to the state courts within **30 days** of the receipt of this order by filing a motion for relief from judgment with the trial court. *See Hill v. Anderson*, 300 F.3d 679, 683 (6th Cir. 2002) (discussing procedure). The stay is further conditioned on Petitioner's return to this Court with a motion to reopen and amend the habeas petition, using the same caption and case number, within **30 days** of fully exhausting state remedies. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002) (adopting approach taken in Zarvela v. Artuz, 254 F.3d

374, 381 (2d Cir. 2001)).  Should Petitioner fail to comply with these conditions, the case may be dismissed.  Given this determination, the Court **DENIES** Petitioner's motion for equitable tolling as moot.  This denial is without prejudice to the parties raising any timeliness issues if/when the stay is lifted.  Lastly, the Court **CLOSES** the case for administrative purposes pending compliance with the foregoing conditions.

    **IT IS SO ORDERED.**

s/Arthur J. Tarnow  
ARTHUR J. TARNOW  
UNITED STATES DISTRICT JUDGE

Dated:  December 7, 2017